# IN THE COURT OF APPEALS OF IOWA

No. 18-2057
Filed September 23, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MAGAI ARING NATHANIEL ANAI KUR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Magai Anai Kur appeals his convictions for first-degree murder, first-degree robbery, and first-degree burglary, claiming his counsel provided ineffective assistance. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Katie Krickbaum, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and May and Ahlers, JJ.

**BOWER, Chief Judge.**

Magai Anai Kur appeals his convictions for first-degree murder, first-degree robbery, and first-degree burglary, claiming his counsel provided ineffective assistance concerning a felony-murder jury instruction. We find the error Anai Kur asserts is without merit and affirm.

## I. Background Facts & Proceedings

In the pre-dawn hours of September 3, 2017, Anai Kur broke into a home by cutting a screen and climbing through the window. Anai Kur beat, strangled, and stabbed the homeowner, Robert, with a knife taken from the kitchen while demanding money. Anai Kur left after assaulting Robert, taking his wallet, cell phone, and van, as well as Robert's wife's laptop.[1]

Anai Kur was arrested on September 8 in Council Bluffs. On October 19, he was criminally charged with attempted murder, first-degree robbery, first-degree burglary, and second-degree theft.

Robert was hospitalized for his injuries. One of his lungs collapsed from the stabbing. The beating broke his jaw, which required two surgeries to repair. While in the hospital, Robert suffered a stroke caused by the beating and strangulation and then fell ill with pneumonia.

On January 8, 2018, Robert died. The medical examiner concluded Robert died of complications of the strangulation and beating, ruling the manner of death as homicide.[2]

---

[1] The wife's cell phone was knocked to the floor when Anai Kur entered the home through the window.

[2] The initial stab wounds, though serious, had healed before Robert died.

In March, the State amended the trial information, changing the "attempted murder" charge to first-degree murder. The charging document listed two theories of guilt for the murder charge: it was deliberate and premeditated, or it occurred while Anai Kur was participating in a forcible felony. The State dismissed the second-degree theft charge before trial.

The matter proceeded to a four-day jury trial starting on September 10. The jury found Anai Kur guilty of murder in the first degree, robbery in the first degree, and burglary in the first degree.

Anai Kur appeals. He claims his trial counsel provided ineffective assistance by failing to object to the submission of the felony-murder instruction, thus failing to adequately preserve error.[3]

## II. Standard of Review

We review a claim of ineffective assistance of counsel de novo. *State v. Harrison*, 914 N.W.2d 178, 188 (Iowa 2018). To establish an ineffective-assistance claim, a defendant must demonstrate "(1) trial counsel failed to perform an essential duty; and (2) this omission resulted in prejudice." *State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003). Failure to prove either element is fatal to the claim. *Id.*

---

[3] The Iowa legislature recently amended Iowa Code section 814.7, eliminating direct-appeal ineffective-assistance-of-counsel claims. Iowa Code § 814.7 (Supp. 2019). However, this amendment "do[es] not apply to cases pending on July 1, 2019." *State v. Macke*, 933 N.W.2d 226, 235 (Iowa 2019). Because Anai Kur's appeal was pending before July 1, 2019, we may address his ineffective-assistance-of-counsel claim on direct appeal. *See State v. Trane*, 934 N.W.2d 447, 464–65 (Iowa 2019).

**III. Analysis**

Anai Kur asserts his trial counsel was ineffective for failing to object to the felony-murder instruction submitted to the jury. Anai Kur claims there is not sufficient evidence to support a finding of separate assaults so his convictions should merge. He further claims the jury was not properly instructed on a requirement of separate assaults.

The felony-murder rule developed from a common-law doctrine "that any death resulting from the commission or attempted commission of a felony constitutes murder." *State v. Tribble*, 790 N.W.2d 121, 124 (Iowa 2010). The Iowa legislature codified a limited version of the rule as part of the first-degree murder statute: "A person commits murder in the first degree when . . . [t]he person kills another person while participating in a forcible felony." Iowa Code § 707.2(1)(b) (2017); *Tribble*, 790 N.W.2d at 125. The legislature has designated both robbery and first-degree burglary as forcible felonies. *See* Iowa Code § 702.11(1).

Anai Kur claims that because both his first-degree robbery and first-degree burglary convictions include an assault element, those acts cannot be a predicate for a felony–murder conviction without a specific finding by the jury of multiple assaults.

Anai Kur's argument proposes a substantial extension to the *Heemstra* merger doctrine. *See State v. Heemstra*, 721 N.W.2d 549, 558 (Iowa 2006), *superseded by statute on other grounds as recognized in State v. Leedom*, 938 N.W.2d 177, 190 (Iowa 2020). Under *Heemstra*, a single assault causing willful injury which ends in death "cannot serve as the predicate felony for felony-murder purposes." *Id.* However, "if the defendant assaulted the victim twice, first without

killing him and second with fatal results, the former could be considered as a predicate felony, but the second could not because it would be merged with the murder." *Id.* at 557.

Our supreme court recently rejected a similar attempt to expand the merger doctrine to felony robbery as the predicate for felony-murder in *Harrison.* 914 N.W.2d at 208. The court stated, "[R]obbery is clearly distinguishable from assault for the purpose of the merger doctrine." *Id.* The court explained, "[F]elony robbery is a distinct crime that necessitates the showing of a different intent from the killing." *Id.* The court specifically noted language in *Heemstra* stating robbery and burglary were "sufficiently independent from the act of killing to preclude [them] from being merged into the murder." *Id.* The *Harrison* court reiterated that robbery "is expressly listed as a forcible felony under section 702.11(1) to qualify as a basis for felony murder." *Id.* The overbreadth concern expressed in *Heemstra* does not apply to robbery. *Id.*; *see Heemstra*, 721 N.W.2d at 557 (requiring separate assaults for willful injury to serve as predicate because "[o]therwise all assaults that immediately precede a killing would bootstrap the killing into first-degree murder, and all distinctions between first-degree and second-degree murder would be eliminated").

The supreme court's reasoning in *Harrison* applies in equal measure to first-degree burglary. *See Walker v. State*, No. 16-1796, 2019 WL 478192, at *1 (Iowa Ct. App. Feb. 6, 2019). Even prior to *Harrison*, we had concluded that "although the supreme court has seemingly adopted a 'two separate acts' approach for felony-murder, we believe that approach is best served by limiting it to felonious assaults." *State v. Tucker*, 810 N.W.2d 519, 523 (Iowa Ct. App. 2012) (citation

omitted) (declining to extend *Heemstra* to arson); *see also State v. Keasling*, No. 16-1283, 2017 WL 6520728, at *3 (Iowa Ct. App. Dec. 20, 2017) (declining to extend *Heemstra* to the assault alternative of first-degree burglary). We conclude that, like robbery, first-degree burglary is clearly distinguishable from assault for purpose of the merger doctrine. *See Harrison*, 914 N.W.2d at 208.

Because the merger-doctrine jurisprudence does not extend to felony robbery or first-degree burglary, we find Anai Kur's claims regarding lack of "separate assaults" instruction to be without merit. *See Harrison*, 914 N.W.2d at 208 ("Based on the fundamental differences between felony robbery and felony assault in the felony–murder context, in addition to the merger rule jurisprudence in Iowa, it can hardly be said that trial counsel in this case 'performed below the standard demanded of a reasonably competent attorney.'" (citation omitted)). We decline to find counsel provided ineffective assistance for not challenging the felony-murder instruction and affirm.

**AFFIRMED.**